IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALAMIN SAMAD,

      Plaintiff,                        No. CIV S-09-3145 JAM DAD P

    vs.

SUSAN L. HUBBARD, et al.,

      Defendants.                <u>ORDER</u>

        Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. In his amended complaint, plaintiff alleges that defendant Physician Assistant Medina was deliberately indifferent to plaintiff's serious medical needs and retaliated against him for filing an inmate appeal. Pending before the court is defendant Medina's motion to compel. Plaintiff has opposed motion. Defendant has filed a reply.

**DEFENDANT MEDINA'S MOTION TO COMPEL**

I. <u>Defendant's Motion</u>

        Defendant Medina has filed a motion to compel the pro se plaintiff to provide further responses to defendant's sixteen requests for admission and corresponding sixteen interrogatories and sixteen request for production of documents. Specifically, counsel argues that plaintiff has failed to adequately respond to the defendant's discovery requests. Plaintiff's

1

response to virtually all of the defendant's discovery requests was that the request has "no evidentiary value to [defendant Medina's] counterclaim of a affirmative defenses." Counsel contends that defendant Medina's discovery requests are based on plaintiff's allegations and are designed to elicit particular facts and evidence that plaintiff has to support his claims. In this regard, counsel contends that the defendant's discovery requests are intended to narrow the issues in this suit. Finally, counsel contends that, if the court grants the pending motion to compel, the court should issue sanctions and order plaintiff to pay defendant's costs of $857.50.

In opposition to defendant's motion to compel, plaintiff argues that defendant Medina's discovery requests are unreasonably cumulative, duplicative, and that the information sought is obtainable by defendant more readily from other sources - presumably records maintained by prison officials at plaintiff's institution of confinement. Plaintiff also argues that defense counsel has taken his deposition, and that plaintiff answered all of defense counsel's discovery requests during that proceeding. Finally, plaintiff argues that defendant's motion to compel is a dilatory tactic and lacks merit.

In reply, defendant argues that plaintiff has failed to establish that his objections to the propounded discovery were valid and contends that plaintiff has failed to explain how the taking of his deposition makes it unreasonable to require him to respond to written discovery.

II. Discussion

Under Rule 26 of the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b). The court agrees with defense counsel that the conducting of discovery through which the pro se plaintiff is asked to elaborate on the factual basis for his deliberate indifference and retaliation claims against defendant Medina is appropriate. Such information would appear to be central to the pending litigation. It may even true that the pro se plaintiff's hand-written objections to the written discovery propounded by defendant are accurately characterized as vague and conclusory. See Fed. R. Civ. P. 37(a)(3). However, counsel for

defendant has failed to present any explanation whatsoever as to why the information elaborating plaintiff's claims was not, or could not be, discovered through questioning of plaintiff at his deposition which counsel thereafter conducted.

The court has the authority to control discovery. Defendant's motion to compel will be denied without prejudice. If plaintiff was uncooperative and evasive at his deposition, counsel for defendant may renew the motion to compel and attempt to persuade the court that counsel's efforts to obtain discovery illuminating the precise nature of plaintiff's claims have truly been thwarted. However, if plaintiff answered these questions at his deposition, there is no need to conduct further written discovery requiring hand-written responses to forty-eight requests. For these same reasons, the court will deny defendant's request for sanctions without prejudice to a renewed motion if appropriate.

**OTHER MATTERS**

Plaintiff has filed motion for a court order authorizing his fellow inmate Henry D. Palmer to testify at trial. On June 17, 2011, defendant Medina filed a motion for summary judgment in this case. After the court rules on defendant's motion, if necessary, the parties will be required to file pretrial statements. At that time, plaintiff may submit a motion making a particularized showing to obtain the attendance of any incarcerated witnesses at trial.

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant Medina's motion to compel (Doc. No. 32) is denied without prejudice;

2. Defendant Medina's request for sanctions (Doc. No. 32) is denied without prejudice; and

/////

/////

3. Plaintiff's motion for a court order to obtain the attendance of an incarcerated

witness (Doc. No. 36) is denied without prejudice to refiling after the court rules on the pending motion for summary judgment.

DATED: August 11, 2011.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
sama3145.mtc

4