IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALAMIN SAMAD,

        Plaintiff,                      No. 2:09-cv-3145 JAM DAD P

    vs.

SUSAN L. HUBBARD, et al.,

        Defendants.              ORDER

_____/

        On September 9, 2011, the assigned magistrate judge issued findings and recommendations, recommending that defendant Medina's motion for summary judgment be granted, plaintiff's supplemental complaint be dismissed, and this action be closed. Thereafter, plaintiff filed objections to the findings and recommendations, and defendant Medina filed a reply. On November 22, 2011, the court conducted a de novo review of this case, adopted the magistrate judge's findings and recommendations in full, and entered judgment. Pending before the court is plaintiff's motion for relief from judgment pursuant to "Rule 60(a)(1)(6)."

        As an initial matter, a "Rule 60(a)(1)(6)" of the Federal Rules of Civil Procedure does not exist. However, the court may relieve a party from a final judgment pursuant to Rule 60(b)(1) - (6). Accordingly, the court has construed plaintiff's motion as a motion brought pursuant to Rule 60(b), which provides:

1

On motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied . . .; or (6) any other reason that justifies relief.

In his motion, plaintiff explains that he did not receive a copy of the court's order granting defendant Medina's motion for summary judgment until he recently inquired as to the status of this case. Plaintiff then contends in conclusory fashion that he has previously provided the court with facts sufficient to show that the California Department of Corrections and Rehabilitation was concealing defendant Medina's wrongdoings.

Plaintiff's motion fails to show that he is entitled to relief under any of the provisions of Rule 60(b). While plaintiff clearly disagrees with the granting of defendant Medina's motion for summary judgment and the dismissal of his action, at no point does he adequately explain why be believes the court erred in its deliberate indifference analysis. Plaintiff's disagreement with the outcome of this case, without more, does not entitle him to relief under Rule 60(b).

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for relief from judgment (Doc. No. 58) is denied.

DATED: April 12, 2013

/s/ John A. Mendez
UNITED STATES DISTRICT COURT JUDGE